*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson, USBJ* (609) 989-0494

May 2, 2012

Ralph A. Ferro, Jr., Esquire
66 East Main Street, 3rd Floor
Little Falls, NJ 07424

Lawrence P. Blaskopf, Esquire
US Department of Justice
PO Box 227
Ben Franklin Station
Washington, DC 20044

Albert Russo, Esquire
CN 4853
Trenton, NJ 08650-4853

                                       Re:    Scott and Gail Shilling
                                                 Case No. 11-42452

Dear Counsel:

      The Chapter 13 Trustee adjourned the April 11, 2012 confirmation hearing in this case to May 9, 2012, to allow the court to address the IRS's objection to confirmation. The parties have waived oral argument and seek a ruling based on the papers.[1]

---

[1] IRS objection to confirmation [Docket No. 19]; Debtors response [Docket No. 20]; IRS supplemental objection [Docket No. 33].

Background

The IRS filed an amended proof of claim concerning the debtors' 2007 – 2009 tax years. The proof of claim totals $135,593.78, of which $17,194.58 is secured; $82,467.31 is priority; and $35,931.89 is general unsecured. The Debtors have not objected to the IRS's proof of claim.

The Debtors filed a plan dated November 8, 2011, that provided in Part 4(c) that the Debtors would surrender several properties and states "All properties to be surrendered in full satisfaction of the liens." The plan also states "See Attached Exhibit A for details." Regrettably, Exhibit A is less than forthcoming with the details. It contains no information on the mechanism for surrender, *i.e.*, consenting to stay relief, deeding the properties, etc. Exhibit A does not even sufficiently identify the five properties. For example, the only address provided for the second vacant lot in Alford, Florida is "Highway 167"; it does not list a street number or Lot and Block. An additional problem is that the properties are encumbered by multiple liens, but the plan does not specify to which lienholder the property would be surrendered[2]. Overall, the surrender is too vague to be enforceable.

In its initial objection to confirmation, the IRS argues that the plan fails to comply with § 1325(a)(5), which requires that a Chapter 13 plan provide for the retention of the secured creditor's liens. Additionally, the IRS argues that its liens are secured by any exempt or personal property and the Debtors' schedules list $17,194.58 in personal property. The Debtors respond that surrendering the real property in full satisfaction of all secured claims complies with the Bankruptcy Code, and the plan is therefore feasible. The Debtors also note that any unsecured portions of any debts would be discharged pursuant to § 1328(a), and the IRS would still retain

---

[2] In In Re Stockwell, 33 B.R. 303 (Bankr. D. Ore. 1983), the court would not approve a surrender where the Plan did not establish priorities among the various lien creditors, and did not adequately provide for the apportionment of funds produced by disposition of the three parcels of real estate.

all of its liens on the surrendered property. If the court requires it, the Debtors intend to amend their plan to provide for the payment of value of the debtors' personal property through the plan. Unsatisfied by that response, the IRS filed a supplemental objection to confirmation. First, the IRS argues that the Debtors' plan is inadequate because it does not propose the surrender of the Debtors' personal property. Second, it argues that even if such surrender were proposed it would be unacceptable because the IRS can only accept payment in cash or its equivalent. Third, the IRS notes that the plan does not provide for any deficiency that may result from the sale of the surrendered property. Fourth, the service argues that any surrender must be accomplished before the plan is approved. Finally, the IRS objects because the plan does not provide for payment of the priority portion of the IRS's claim.

## Analysis

The court begins with the proposition that the IRS has an allowed claim because no objection was filed.[3] One part of the IRS's claim consisted of a priority claim in the amount of $82,467.31. Section 1322(a)(2) provides that a plan "shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim". The Debtors' plan does not provide any treatment of the priority portion of the IRS's claim.[4] Since the IRS has not agreed to a different treatment of its priority claim, the plan is *per se* unconfirmable on that basis.

The plan is also unconfirmable based on the terms of the proposed surrender. The Debtors rely on § 1325(a)(5)(C) as the authority for surrendering their property in full satisfaction of the IRS's claim. The Debtors' position reads language into the statute that is

---

[3] 11 U.S.C. § 502(a).
[4] The payments proposed under the plan total $8,280, so they clearly would be insufficient to pay the priority portion of the claim in full.

3

simply not there. The section provides that "with respect to each allowed secured claim provided for by the plan … the debtor surrenders the property securing such claim to such holder". Notably absent from the section is the phrase "in full satisfaction". The logical implication is that if the value of the property to be surrendered is less than the value of the lien, it results in an unsecured claim that must be treated in the plan. There is nothing in § 1325(a)(5)(C) that suggests that it trumps § 506 for determining secured status. The Second Circuit has described the procedure as follows: "When the debtor elects to surrender the collateral under [§ 1325(a)(5)(C)], the secured creditor takes possession of the property and sells it in accordance with non-bankruptcy law. If a sale produces a deficiency, the creditor may assert the amount of such deficiency as an unsecured claim against the debtor's remaining assets."[5] Accordingly, courts have noted that "absent creditor consent, a debtor surrendering collateral under § 1325(a)(5)(C) may not do so in full satisfaction of the loan, because the secured creditor would be entitled to an unsecured deficiency claim for any shortfall."[6]

In this case, the Debtors argue that "[e]ven if there are any unsecured portions of any debts, same would be discharged pursuant to Section 1328(a), et seq. of the Bankruptcy Code." That argument conflates two different concepts: whether a debt is subject to discharge and whether a secured creditor is entitled to a deficiency claim. While it may be true that some portion of the IRS's deficiency claim might ultimately be discharged if the Debtors completed

---

[5] First Brandon Nat'l Bank v. Kerwin (In re Kerwin), 996 F.2d 552, 557 (2d Cir. 1993) (Kerwin involved a Chapter 12 debtor, but the pertinent language in § 1225(a)(5)(C) is identical to § 1325(a)(5)C)).

[6] In re Sneijder, 407 B.R. 46 (Bankr. S.D.N.Y. 2009).

their plan payments, that is not the same as the IRS not having a deficiency claim.

For all the foregoing reasons, the court declines to confirm the plan as currently proposed.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge
